Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
03/14/2025
CT Log Number 548640405

## Service of Process Transmittal Summary

**TO:** KIM LUNDY- EMAIL
Walmart Inc.
GLOBAL GOVERNANCE/CENTRAL INTAKE, 2914 SE I STREET MS#0200
BENTONVILLE, AR 72712-3148

**RE:** **Process Served in New York**

**FOR:** WALMART INC. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: MCARTHUR BETHMARIE // To: WALMART INC.<br>Name discrepancy noted. |
| **DOCUMENT(S) SERVED:** | Summons, Verified Complaint, Verification, Attachment(s) |
| **COURT/AGENCY:** | Queens County Supreme Court, NY<br>Case # 7070342025 |
| **NATURE OF ACTION:** | Personal Injury - 06/19/2024, Walmart located at 77 Green Acres Road South in Nassau County, State of New York. |
| **PROCESS SERVED ON:** | C T Corporation System, New York, NY |
| **DATE/METHOD OF SERVICE:** | By Process Server on 03/14/2025 at 12:30 |
| **JURISDICTION SERVED:** | New York |
| **APPEARANCE OR ANSWER DUE:** | Within 20 days after service, exclusive of the day of service |
| **ATTORNEY(S)/SENDER(S):** | Nicholas Elefterakis<br>Elefterakis, Elefterakis & Panek<br>80 Pine Street, 38th Floor<br>New York, NY 10005<br>212-532-1116 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 03/14/2025, Expected Purge Date: 03/24/2025<br><br>Image SOP |
| **REGISTERED AGENT CONTACT:** | C T Corporation System<br>28 Liberty Street<br>New York, NY 10005<br>8775647529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT

disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:** Fri, Mar 14, 2025
**Server Name:** dondre dennis

| | |
|---|---|
| Entity Served | WAL-MART STORES EAST, LP |
| Case Number | 7070342025 |
| Jurisdiction | NY |

| Inserts | | |
|---|---|---|
| | | |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
================================X

BETHMARIE MCARTHUR,

Plaintiff,

-against-

WAL-MART STORES EAST, L.P. and WALMART, INC.,

Defendants.
================================X

Date Filed:
Index:

**SUMMONS**

Plaintiff designates
Queens County
as place of trial

The basis of the venue is:
Plaintiff's residence
11523 145th Street
Jamaica, NY 11436

To the above named Defendants:

YOU ARE HEREBY SUMMONED to answer the complaint in this action and to serve a copy of your answer, to, if the complaint is not served with the summons, to serve a notice of appearance, on the Plaintiff's attorneys within twenty (20) days after the service of this summons, exclusive of the day of service (or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded herein.

Dated: New York, New York
March 12, 2025

The nature of this action is for injuries sustained as a result of the Defendants' negligence.
The relief sought is monetary damages.

**ELEFTERAKIS, ELEFTERAKIS & PANEK**

---------------------------------------------------
BY: NICHOLAS ELEFTERAKIS, ESQ.
Attorneys for Plaintiff
80 Pine Street, 38th Floor
New York, N.Y. 10005
(212) 532-1116

**Failure to respond, a judgment will be against you, by default and interest from June 19, 2024.**

**Defendants:**
**WAL-MART STORES EAST, L.P.**
CT Corporation System
28 Liberty Street
New York, NY 10005

**WALMART, INC.**
CT Corporation System
28 Liberty Street
New York, NY 10005

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS
==================================X
BETHMARIE MCARTHUR,

Plaintiff,

**VERIFIED COMPLAINT**

-against-

WAL-MART STORES EAST, L.P. and WALMART, INC.,

Defendants.
==================================X

Plaintiff, by her attorneys, ELEFTERAKIS, ELEFTERAKIS & PANEK, as and for her Verified Complaint, respectfully alleges, upon information and belief:

AS AND FOR A FIRST CAUSE OF ACTION

1. The Plaintiff, **BETHMARIE MCARTHUR,** at all times herein mentioned was a resident of the County of Queens, State of New York.

2. That at all times hereinafter alleged, and upon information and belief, the Defendant, **WAL-MART STORES EAST, L.P.**, was a domestic corporation organized and existing under and by virtue of the laws of the State of New York.

3. That at all times hereinafter alleged, and upon information and belief, Defendant, **WAL-MART STORES EAST, L.P.**, was and still is a foreign corporation authorized to do business under and by virtue of the laws of the State of New York.

4. That at all times hereinafter alleged, and upon information and belief, Defendant, **WAL-MART STORES EAST, L.P.**, maintained a principal place of business in the State of New York.

5. That at all times hereinafter alleged, and upon information and belief, Defendant, **WAL-MART STORES EAST, L.P.**, conducted and carried on business in the State of New York.

6. That at all times hereinafter alleged, and upon information and belief, Defendant, **WAL-MART STORES EAST, L.P.**, transacted business within the State of New York.

7. That at all times hereinafter alleged, and upon information and belief, Defendant, **WAL-MART STORES EAST, L.P.**, derived substantial revenue from goods used or consumed or services rendered in the State of New York.

8. That at all times hereinafter alleged, and upon information and belief, Defendant, **WAL-MART STORES EAST, L.P.**, expected or should have reasonably expected its acts to have consequences in the State of New York.

9. That at all times hereinafter alleged, and upon information and belief, the Defendant, **WALMART, INC.**, was a domestic corporation organized and existing under and by virtue of the laws of the State of New York.

10. That at all times hereinafter alleged, and upon information and belief, Defendant, **WALMART, INC.**, was and still is a foreign corporation authorized to do business under and by virtue of the laws of the State of New York.

11. That at all times hereinafter alleged, and upon information and belief, Defendant, **WALMART, INC.**, maintained a principal place of business in the State of New York.

12. That at all times hereinafter alleged, and upon information and belief, Defendant, **WALMART, INC.**, conducted and carried on business in the State of New York.

13. That at all times hereinafter alleged, and upon information and belief, Defendant, **WALMART, INC.**, transacted business within the State of New York.

14. That at all times hereinafter alleged, and upon information and belief, Defendant, **WALMART, INC.**, derived substantial revenue from goods used or consumed or services rendered in the State of New York.

15. That at all times hereinafter alleged, and upon information and belief, Defendant, **WALMART, INC.**, expected or should have reasonably expected its acts to have consequences in the State of New York.

16. That at all times hereinafter alleged, and upon information and belief, the Defendant, **WAL-MART STORES EAST, L.P.**, owned the premises known as Walmart located at 77 Green Acres Road South in Nassau County, State of New York.

17. That at all times hereinafter alleged, and upon information and belief, the Defendant, **WAL-MART STORES EAST, L.P.**, was a lessee of the premises known as Walmart located at 77 Green Acres Road South in Nassau County, State of New York.

18. That at all times hereinafter alleged, and upon information and belief, the Defendant, **WAL-MART STORES EAST, L.P.**, was a lessor of the premises known as Walmart located at 77 Green Acres Road South in Nassau County, State of New York.

19. That at all times hereinafter alleged, and upon information and belief, the Defendant, **WAL-MART STORES EAST, L.P.**, managed the premises known as Walmart located at 77 Green Acres Road South in Nassau County, State of New York.

20. That at all times hereinafter alleged, and upon information and belief, the Defendant, **WAL-MART STORES EAST, L.P.**, maintained the premises known as Walmart located at 77 Green Acres Road South in Nassau County, State of New York.

21. That at all times hereinafter alleged, and upon information and belief, the Defendant, **WAL-MART STORES EAST, L.P.**, controlled the premises known as Walmart located at 77 Green Acres Road South in Nassau County, State of New York.

22. That at all times hereinafter alleged, and upon information and belief, the Defendant, **WAL-MART STORES EAST, L.P.**, operated the premises known as Walmart located at 77 Green

Acres Road South in Nassau County, State of New York.

23. That at all times hereinafter alleged, and upon information and belief, the Defendant, **WAL-MART STORES EAST, L.P.**, supervised the premises known as Walmart located at 77 Green Acres Road South in Nassau County, State of New York.

24. That at all times hereinafter alleged, and upon information and belief, the Defendant, **WAL-MART STORES EAST, L.P.**, inspected the premises known as Walmart located at 77 Green Acres Road South in Nassau County, State of New York.

25. That at all times hereinafter alleged, and upon information and belief, the Defendant, **WAL-MART STORES EAST, L.P.**, repaired the premises known as Walmart located at 77 Green Acres Road South in Nassau County, State of New York.

26. That at all times hereinafter alleged and upon information and belief, prior to June 19, 2024, the Defendant, **WAL-MART STORES EAST, L.P.**, entered into an agreement for certain work, labor and/or services to be performed at the above-referenced location.

27. That at all times hereinafter alleged and upon information and belief, prior to June 19, 2024, the Defendant, **WAL-MART STORES EAST, L.P.**, hired various entities to provide and perform certain work, labor and/or services at the above referenced location.

28. That upon information and belief, prior to June 19, 2024, the Defendant, **WAL-MART STORES EAST, L.P.**, by its agents, servants and employees was performing certain work, labor and/or services at the aforesaid location and directed, supervised and controlled all of the work and/or services performed in and about the aforesaid location.

29. That upon information and belief, prior to June 19, 2024, the Defendant, **WAL-MART STORES EAST, L.P.**, entered into a contract to provide and perform certain work and labor at the aforesaid premises.

30. That upon information and belief, prior to June 19, 2024, the Defendant, **WAL-MART STORES EAST, L.P.**, entered into a contract to provide and perform maintenance and/or repairs at the aforesaid premises.

31. That at all times hereinafter alleged, and upon information and belief, the Defendant, **WALMART, INC.,** owned the premises known as Walmart located at 77 Green Acres Road South in Nassau County, State of New York.

32. That at all times hereinafter alleged, and upon information and belief, the Defendant, **WALMART, INC.**, was a lessee of the premises known as Walmart located at 77 Green Acres Road South in Nassau County, State of New York.

33. That at all times hereinafter alleged, and upon information and belief, the Defendant, **WALMART, INC.**, was a lessor of the premises known as Walmart located at 77 Green Acres Road South in Nassau County, State of New York.

34. That at all times hereinafter alleged, and upon information and belief, the Defendant, **WALMART, INC.**, managed the premises known as Walmart located at 77 Green Acres Road South in Nassau County, State of New York.

35. That at all times hereinafter alleged, and upon information and belief, the Defendant, **WALMART, INC.**, maintained the premises known as Walmart located at 77 Green Acres Road South in Nassau County, State of New York.

36. That at all times hereinafter alleged, and upon information and belief, the Defendant, **WALMART, INC.**, controlled the premises known as Walmart located at 77 Green Acres Road South in Nassau County, State of New York.

37. That at all times hereinafter alleged, and upon information and belief, the Defendant, **WALMART, INC.**, operated the premises known as Walmart located at 77 Green Acres Road South

in Nassau County, State of New York.

38. That at all times hereinafter alleged, and upon information and belief, the Defendant, **WALMART, INC.**, supervised the premises known as Walmart located at 77 Green Acres Road South in Nassau County, State of New York.

39. That at all times hereinafter alleged, and upon information and belief, the Defendant, **WALMART, INC.**, inspected the premises known as Walmart located at 77 Green Acres Road South in Nassau County, State of New York.

40. That at all times hereinafter alleged, and upon information and belief, the Defendant, **WALMART, INC.**, repaired the premises known as Walmart located at 77 Green Acres Road South in Nassau County, State of New York.

41. That at all times hereinafter alleged and upon information and belief, prior to June 19, 2024, the Defendant, **WALMART, INC.**, entered into an agreement for certain work, labor and/or services to be performed at the above-referenced location.

42. That at all times hereinafter alleged and upon information and belief, prior to June 19, 2024, the Defendant, **WALMART, INC.**, hired various entities to provide and perform certain work, labor and/or services at the above referenced location.

43. That upon information and belief, prior to June 19, 2024, the Defendant, **WALMART, INC.**, by its agents, servants and employees was performing certain work, labor and/or services at the aforesaid location and directed, supervised and controlled all of the work and/or services performed in and about the aforesaid location.

44. That upon information and belief, prior to June 19, 2024, the Defendant, **WALMART, INC.**, entered into a contract to provide and perform certain work and labor at the aforesaid premises.

45. That upon information and belief, prior to June 19, 2024, the Defendant, **WALMART, INC.**, entered into a contract to provide and perform maintenance and/or repairs at the aforesaid premises.

46. That on or about June 19, 2024, the Plaintiff, **BETHMARIE MCARTHUR,** was on the aforesaid premises.

47. That on or about June 19, 2024, while the Plaintiff, **BETHMARIE MCARTHUR,** was on the aforesaid premises, she was caused to slip and fall.

48. That the aforesaid accident and the injuries resulting therefrom were due solely and wholly as a result of the careless and negligent manner in that the Defendants owned, operated, maintained, managed, inspected, repaired, cleaned, supervised, and controlled the aforesaid premises, without the Plaintiff in any way contributing thereto.

49. That the Defendants herein were negligent, reckless, and careless in that they violated their duties to persons on the premises, and to this Plaintiff in particular, in knowingly permitting, suffering, and allowing the aforesaid premises, to be, become, and remain in a defective, unsafe, and dangerous condition; in failing to properly inspect, remedy, and/or remove said watery/slippery substance from the premises; in improperly removing liquid substance, water and/or debris from said premises thereby creating an unsafe, defective, and hazardous condition; in permitting and allowing the premises to be, become, and remain a danger, threat, peril and trap to the life and limb of all persons using the aforesaid premises and more particularly Plaintiff herein; in failing to take adequate precautions and measures to prevent said occurrence; that Defendants had actual and/or constructive notice of said condition; and was further negligent in failing to take suitable precautions for the safety of persons lawfully on the premises.

50. That the Defendants herein were negligent, reckless and careless in that they violated

their duties to persons on the premises and to this Plaintiff in particular, in failing to block off, barricade, fence off, and/or provide a warning of the condition at the aforesaid location.

51. That the Defendants herein owed and breached a duty of care to the Plaintiff, **BETHMARIE MCARTHUR**, as an intended third-party beneficiary to a contract.

52. That the Defendants herein failed to exercise reasonable care, or otherwise breached a duty sounding in contract and/or tort pursuant to *Espinal v. Melville Snow Contractors, Inc.*, 98 N.Y.2d 136 (2002).

53. That by reason of the foregoing and the negligence of the Defendants, the Plaintiff, **BETHMARIE MCARTHUR,** was severely injured, bruised and wounded, suffered, still suffers and will continue to suffer for some time physical pain and bodily injuries and became sick, sore, lame and disabled and so remained for a considerable length of time.

54. That by reason of the foregoing, the Plaintiff, **BETHMARIE MCARTHUR,** was compelled to and did necessarily require medical aid and attention, and did necessarily pay and become liable therefore for medicines and upon information and belief, the Plaintiff, **BETHMARIE MCARTHUR,** will necessarily incur similar expenses.

55. That by reason of the foregoing, the Plaintiff, **BETHMARIE MCARTHUR,** has been unable to attend to her usual occupation in the manner required.

56. That one or more of the exceptions of §1602 of the Civil Practice Law and Rules do apply to the within action.

57. Plaintiff is entitled to damages in the sum which exceeds the sum or value established by 28 USC § 1332(a) exclusive of interests and costs.

58. That as a result of the foregoing, the Plaintiff, **BETHMARIE MCARTHUR,** sustained damages in an amount which exceeds the monetary jurisdictional limits of any and all

lower Courts which would otherwise have jurisdiction herein, in an amount to be determined upon trial of this action.

**WHEREFORE**, Plaintiff demands judgment in favor of the Plaintiff, **BETHMARIE MCARTHUR**, awarding damages against the Defendants for an amount which exceeds the jurisdictional limits of all other Courts which would otherwise have jurisdiction herein, in an amount to be determined upon trial of this action, together with costs and disbursements of this action, and with interest from the date of the accident. Plaintiff demands a jury trial.

Dated: New York, New York
March 12, 2025

Yours, etc.
ELEFTERAKIS, ELEFTERAKIS & PANEK

By:______________________________

Nicholas Elefterakis
Attorneys for Plaintiff
80 Pine Street, 38th Floor
New York, New York 10005
(212)532-1116

## ATTORNEY'S VERIFICATION

STATE OF NEW YORK )
)
COUNTY OF NEW YORK ) SS:

The undersigned, an attorney admitted to practice in the Courts of the State of New York, and an associate of the law firm of Elefterakis, Elefterakis, & Panek attorneys of record for the claimant herein, affirms:

That he has read the attached SUMMONS AND COMPLAINT and the same is true to his own knowledge, except as to the matters alleged on information and belief, and as to those matters, he believes them to be true to the best of his knowledge.

That affirmant's sources of information are investigation and files maintained in your affirmant's law office.

That this verification is made by your affirmant due to the fact that claimant does not presently reside within the county in which your affirmant maintains his law office, or is presently outside the county in which your affirmant maintains his law office.

The undersigned affirms that the foregoing statements are true, under penalties of perjury.

Dated: New York, New York
March 12, 2025

Nicholas Elefterakis, Esq.

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF QUEENS**

BETHMARIE MCARTHUR

Plaintiff,

-against-

WAL-MART STORES EAST, L.P. and WALMART, INC.,

Defendants.

ELEFTERAKIS, ELEFTERAKIS & PANEK
80 Pine Street, 38th Floor
New York, New York 10005
212.532.1116

**Summons and Verified Complaint**

STATE OF NEW YORK, COUNTY OF NEW YORK, SS:
Nicholas Elefterakis, the undersigned, an attorney admitted to practice in the Courts of New York State, affirms the following:
I further certify that my signature below acts as a "certification" for the documents attached hereto, in compliance with section 130-1.1-a of the Rules of the Chief Administrator (22 NYCRR).

Dated: New York, New York
March 12, 2025

Nicholas Elefterakis, Esq.

PLEASE TAKE NOTICE

( ) that the within is a (certified) true copy of a Notice of entered in the Office of the clerk of the within Entry named Court on

( ) that an Order of which the within is a true copy will be presented for Notice of settlement to the Hon. one of the Judges of the Settlement within named Court, on , at

ELEFTERAKIS, ELEFTERAKIS & PANEK
80 Pine Street, 38th Floor
New York, New York 10005
212.532.1116