

May 20, 2026

<u>Via ECF</u>
Magistrate Judge Steven L. Tiscione
United States District Court
Eastern District of New York
100 Federal Plaza
Courtroom 910, Chambers 914
Central Islip, New York 11722

Re:    ***Bethmarie McArthur v. Wal-Mart Stores East, LP, et al.***
       **Civil Action No.: 2:25-cv-01585 (OEM)(ST)**

Your Honor:

My office represents Plaintiff in the above-referenced action. The parties respectfully jointly submit this letter seeking an enlargement of time to complete fact discovery and expert discovery herein.

This action arises from a slip-and-fall incident. On April 20, 2026, Plaintiff conducted the respective depositions of Walmart employee witnesses Robin Ford and Charles Thomas. Following and based upon these depositions, Plaintiff served her Second Request for Production of Documents seeking, *inter alia*, materials concerning Walmart's "Training Tuesdays" safety training, copies of the online safety training programs testified to by Ms. Ford, and the identity and contact information for the Walmart maintenance employee identified by Ms. Ford during her deposition testimony and depicted in surveillance footage traversing the subject accident area, to the extent said individual is no longer employed by Walmart. Plaintiff further served a deposition notice for said maintenance employee, with the deposition to proceed on or before June 22, 2026.

Ms. Ford testified concerning Walmart's safety policies, employee training, inspection procedures, and spill-response protocols. Specifically, Ms. Ford testified that Walmart employees are trained to inspect the premises for spills and hazardous conditions and that employees encountering a spill are instructed to remain with the spill until it is remediated and maintenance personnel respond. Ms. Ford further testified that Walmart maintenance employees traverse the store with cleaning carts containing mops, buckets, and cleaning supplies. During her testimony, Ms. Ford identified the maintenance employee depicted in the surveillance footage traversing the subject accident area and provided a physical description of the individual.

Mr. Thomas similarly testified concerning Walmart's inspection and safety procedures and confirmed his observations of the subject spill following the incident. Mr. Thomas further confirmed that a Walmart maintenance cart had been pushed directly through the subject accident area.

In light of the testimony obtained, the parties require additional time to complete remaining fact discovery, including production of the requested training and employee information, as well as the deposition of the Walmart maintenance employee identified during Ms. Ford's testimony. Additional time is further necessary for the parties to complete expert discovery, including the exchange of expert disclosures and expert depositions.

This is the parties' third joint request seeking an enlargement of fact and expert discovery deadlines herein. The requested extension is made in good faith and not for purposes of delay or prejudice.

Accordingly, the parties respectfully request that the Court extend the current deadlines as follows:

| Deadline | Current Deadline | Proposed Deadline |
| --- | --- | --- |
| Completion of Fact Discovery | May 20, 2026 | July 20, 2026 |
| Exchange of Expert Reports | May 29, 2026 | August 19, 2026 |
| Completion of Expert Discovery | June 29, 2026 | September 18, 2026 |
| Deadline to Initiate Dispositive Motion Practice | July 7, 2026 | October 19, 2026 |

As always, the Court's time and consideration is greatly appreciated. Should Your Honor have any questions or concerns, please contact the undersigned.

Respectfully Submitted,

/s/ David A. Bonilla /s/
David A. Bonilla, Esq.

DAB/rc

CC:    Patricia A. O'Connor, Esq.
       O'Connor & O'Connor, Esqs.
       Attorneys for Defendants
       7 Bayview Avenue
       Northport, New York 11768
       *Via ECF (Submitted on Consent)*